■ JOSEPH OSAMWONYI et al., Appellants, v RUBEN GRIGORIAN, Defendant, and SIRAJUL H. KHONDKER, Respondent. [631 NYS2d 906] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Cannizzaro, J.H.O.), dated November 19, 1993, which, *sua sponte,* recalled and vacated its earlier decision granting the plaintiff Joseph Osamwonyi leave to enter a default judgment against the defendant Sirajul H. Khondker, after an inquest, and recalled and vacated its earlier denial of the defendant Sirajul H. Khondker's motion for discovery and a physical examination of the plaintiff Joseph Osamwonyi and granted that motion and (2) an order of the same court (Vaccaro, J.), dated April 27, 1994, which denied their motion to set aside the order dated November 19, 1993.

Ordered that the appeals of the plaintiff Eleanor Osamwonyi are dismissed since she is not aggrieved by the orders appealed from *(see,* CPLR 5511); and it is further,

Ordered that the order dated November 19, 1993, is reversed, the order granting leave to enter a default judgment in favor of the plaintiff Joseph Osamwonyi is reinstated, the defendant Sirajul H. Khondker's motion is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment; and it is further,

Ordered that the appeal from the order dated April 27, 1994, is dismissed as academic; and it is further,

Ordered that the plaintiff Joseph Osamwonyi is awarded one bill of costs.

Upon the defendant Sirajul H. Khondker's default in answering the complaint, the plaintiffs moved for leave to enter a default judgment. By an order dated March 3, 1993, the Supreme Court conditionally granted the plaintiffs' motion unless Khondker interposed an answer within 30 days. The order further provided that, in the event that Khondker again failed to answer and upon the filing of a note of issue, the matter would be referred to a Judicial Hearing Officer (hereinafter J.H.O.) for an inquest and assessment of damages. Khondker failed to interpose an answer, and the plaintiffs filed a note of issue and a certificate of readiness on April 16, 1993.

On November 12, 1993, an inquest on the issue of damages was held before the J.H.O. After the plaintiffs rested, Khondker orally moved for a continuance in order to conduct further

discovery and to hold a physical examination of the plaintiff Joseph Osamwonyi. The J.H.O. denied the motion and granted Joseph Osamwonyi leave to enter a default judgment. Additionally, the J.H.O. dismissed with prejudice the causes of action that had been asserted on behalf of plaintiff Eleanor Osamwonyi.

One week later, by an order dated November 19, 1993, the J.H.O., *sua sponte,* recalled and vacated its earlier decision granting Joseph Osamwonyi leave to enter a default judgment and denying Khondker's motion for further discovery and for a physical examination and granted Khondker's motion. The plaintiffs then moved before the Supreme Court to set aside the November 19, 1993, order of the J.H.O. By an order dated April 27, 1994, the Supreme Court denied the plaintiffs' motion.

The J.H.O. erred by recalling and vacating the order granting leave to enter a default judgment in favor of Joseph Osamwonyi and by granting Khondker's motion for further discovery and a physical examination of Joseph Osamwonyi. It is well settled that a trial court has no revisory or appellate jurisdiction to vacate, *sua sponte,* its own judgment *(see,* CPLR 5019 [a]; *Herpe v Herpe,* 225 NY 323). Moreover, a motion for further pretrial proceedings after a note of issue and a certificate of readiness have been filed should only be granted upon a showing of good cause or the presence of unusual and unanticipated circumstances subsequent to the filing of the note of issue and the certificate of readiness *(see,* 22 NYCRR 202.21 [e]; *Lyons v Saperstein,* 202 AD2d 401; *Ehrhart v County of Nassau,* 106 AD2d 488). Khondker failed to demonstrate either good cause or such unusual and unanticipated circumstances that further discovery would have been justified after the case had proceeded to inquest. O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.