◼ CLAUDINE GRAHAM, Plaintiff, v CORONA GROUP HOME et al., Defendants. FITZGERALD & FITZGERALD, P.C., Nonparty Appellant; KENNETH A. WILHELM, Nonparty Respondent. (And a Third-Party Action.) [754 NYS2d 362] —In an action to recover damages for personal injuries, Fitzgerald and Fitzgerald, P.C., appeals from an order of the Supreme Court, Queens County (Sampson, J.), dated December 4, 2001, which granted the motion of Kenneth A. Wilhelm to enforce a lien of one third of the net attorney's fees recovered in this action against it and, sua sponte, awarded Kenneth A. Wilhelm an attorney's fee in the sum of $1,550 pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal from so much of the order as, sua sponte, awarded Kenneth A. Wilhelm an attorney's fee in the sum of $1,550 pursuant to 22 NYCRR 130-1.1 is dismissed, as that portion of the order is not appealable as of right and leave

to appeal has not been granted (*see* CPLR 5701 [a]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In a fee-sharing agreement, the appellant, the receiving attorney, agreed that the respondent, the referring attorney, would have a lien of one third of the net attorney's fee recovered. In the event the case was tried, the lien was to be one quarter of the net attorney's fee recovered. The case was settled before jury selection.

In disputes between attorneys over the enforcement of fee-sharing agreements "the courts will not inquire into the precise worth of the services performed by the parties as long as each party actually contributed to the legal work and there is no claim that either 'refused to contribute more substantially' " (*Benjamin v Koeppel*, 85 NY2d 549, 556, quoting *Sterling v Miller*, 2 AD2d 900, *affd* 3 NY2d 778; *see Sickmen v Birzon, Szczepanowski & Quinn*, 276 AD2d 689; *Oberman v Reilly*, 66 AD2d 686). Where, as here, the receiving attorney conceded that the referring attorney performed up to 10% of the work, and there is no claim that the referring attorney refused to contribute more substantially, the referring attorney was entitled to an enforcement of the terms of the agreement. We find no merit to the receiving attorney's contention that an evidentiary hearing was required to resolve alleged ambiguities in the agreement, or claimed issues of fact. The letter agreement, drafted and signed by the receiving attorney, was unambiguous in its terms, and parol evidence was inadmissible to vary them (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163; *Kailasanathan v Mysorekar*, 234 AD2d 425, 426).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Prudenti, P.J., Ritter, Luciano and H. Miller, JJ., concur.