■ In the Matter of FLOR ELENA ROSPIGLIOSI, Appellant, v LUIS E. ABBATE, Respondent. [819 NYS2d 285]—

In a child support proceeding pursuant to Family Court Act

article 4, the petitioner appeals (1), as limited by her brief and her letter to this Court dated February 23, 2006, from so much of an order of the Family Court, Queens County (Modica, J.), dated January 6, 2005, as, upon denying her objection to an order of the same court (Hickey, S.M.) dated October 12, 2004, denied that branch of her application which was for an award of an attorney's fee incurred in prosecuting her fee application pursuant to Family Court Act § 438, and (2), on the ground of inadequacy, from an order of the same court (Hickey, S.M.), dated July 8, 2005, which, upon recalculation of the amount to be awarded as an attorney's fee, awarded only $5,702.50.

Ordered that the order dated January 6, 2005 is reversed insofar as appealed from, on the law, without costs or disbursements, the order of the Family Court, Queens County, dated May 9, 2006, is vacated, and the matter is remitted to the Family Court, Queens County, before a different judge, for a new determination in accordance herewith of that branch of the petitioner's application which was for an award of an attorney's fee incurred in prosecuting her fee application pursuant to Family Court Act § 438; and it is further,

Ordered that the appeal from the order dated July 8, 2005 is dismissed as academic, without costs or disbursements, in light of the determination of the Family Court, Queens County, in an order dated February 10, 2006.

Although awards for legal services provided in connection with a fee application should not be routinely expected or freely granted, such awards are committed to the sound discretion of the Family Court "to be exercised in appropriate cases, to further the objectives of litigational parity, and to prevent the more affluent spouse from wearing down or financially punishing the opposition by recalcitrance, or by prolonging the litigation" (*O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]). To the extent that *Matter of Getman v Getman* (156 AD2d 686, 687 [1989]) may be read to deprive the court of this discretion, it has, in effect, been overruled in this regard by *O'Shea v O'Shea* (*supra*), and should no longer be followed for that proposition. Accordingly, inasmuch as the Family Court declined to reach the merits of the request for an award for an attorney's fee on the mistaken ground that it was without authority to award an attorney's fee incurred by the petitioner in prosecuting her fee application, we remit the matter to the Family Court, Queens County, for a new determination with respect to that narrow issue.

We note that, well after this appeal had been perfected, the Family Court, sua sponte, issued an order, dated May 9, 2006, which, inter alia, purported to vacate its order dated January 6,

2005. This was improper. It is true that, during the pendency of an appeal, the issuing court generally retains the power to clarify the order appealed from or to correct ministerial errors or irregularities contained therein that do not affect substantial rights of the parties (*see Matter of Owens v Stuart,* 292 AD2d 677 [2002]). Moreover, the issuing court generally retains the power to entertain and decide motions, even where the outcome of such motion practice may impact the pending appeal (*see Ruben v American & Foreign Ins. Co.,* 185 AD2d 63 [1992]; *cf.* CPLR 5517). However, the issuing court may not vacate, sua sponte, a prior order from which an appeal has been taken (*see Herpe v Herpe,* 225 NY 323, 327 [1919]; *Matter of Owens v Stuart, supra*). If it were able to do so, the issuing court would, in effect, be insulating its subsequent order from appellate review as of right (*see* CPLR 5701; *Graham v Corona Group Home,* 302 AD2d 358 [2003]). Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.