WEINSTEIN, CHAYT & CHASE, P.C., et al., Appellants, v DAVID BREITBART, Respondent. [820 NYS2d 288]—

In an action, inter alia, to recover damages for breach of a fee-sharing agreement, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated April 4, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

The plaintiff attorneys commenced this action to recover damages for breach of an agreement with the defendant to split the fee earned in a case they referred to the defendant. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. We reverse.

In opposition to the defendant's prima facie demonstration of entitlement to judgment as a matter of law on the ground that enforcement of the parties' agreement would violate Code of Professional Responsibility DR 2-107 (a) (22 NYCRR 1200.12 [a]), the plaintiffs raised a triable issue of fact as to whether, by a writing given to the client, they assumed joint responsibility for the representation (*see* 22 NYCRR 1200.12 [a]; *Robert P. Lynn, Jr., LLC v Purcell,* 11 Misc 3d 400 [2005]; *see generally Graham v Corona Group Home,* 302 AD2d 358 [2003]; *Ford v Albany Med. Ctr.,* 283 AD2d 843 [2001]). Thus, that branch of the motion which was for summary judgment dismissing the complaint should have been denied. Schmidt, J.P., Adams, Ritter and Lunn, JJ., concur.