■ WILLIAM ADAMS, JR., et al., Appellants, v BILLIE FELLINGHAM et al., Defendants, and RIP TIDE RESTAURANT et al., Respondents. [859 NYS2d 484]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 26, 2007, which, in effect,

sua sponte vacated its prior order dated January 6, 2003, granting their motion for leave to enter judgment against the defendants Rip Tide Restaurant and H & M Realty Shinnecock Corporation upon their default in appearing or answering the complaint, and, sua sponte, dismissed the complaint insofar as asserted against those defendants.

Ordered that on the Court's own motion, the plaintiffs' notice of appeal from the order dated January 26, 2007, is treated as an application for leave to appeal, and leave to appeal from that order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated January 26, 2007 is reversed, on the law, without costs or disbursements, the order dated January 6, 2003 is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for an inquest on the issue of damages.

By order dated January 6, 2003, the Supreme Court granted the plaintiffs' motion for leave to enter judgment against the defendants Rip Tide Restaurant and H & M Realty Shinnecock Corporation upon their default in appearing or answering the complaint, and reserved an assessment of damages against them until disposition of the action against the remaining defendants. After the plaintiffs settled their claims against the remaining defendants, an inquest to assess damages against the defaulting defendants was scheduled. However, instead of proceeding to inquest, the court, in effect, sua sponte vacated the order dated January 6, 2003, and, sua sponte, dismissed the complaint against the defaulting defendants.

On appeal, the plaintiffs contend that the court exceeded its authority by, in effect, sua sponte vacating its prior order granting them leave to enter judgment against the defaulting defendants, and dismissing the complaint against those defendants. We agree. Pursuant to CPLR 5019 (a), a trial court has the discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party, or is inconsistent with the decision upon which it is based (*see Kiker v Nassau County,* 85 NY2d 879, 881 [1995]; *Matter of Owens v Stuart,* 292 AD2d 677, 678 [2002]; *Verdrager v Verdrager,* 230 AD2d 786 [1996]). However, a trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its own order or judgment (*see Herpe v Herpe,* 225 NY 323 [1919]; *Matter of Owens v Stuart,* 292 AD2d 677, 678-679 [2002]; *Reisman v Coleman,* 226 AD2d 693 [1996]; *Osamwonyi v Grigorian,* 220 AD2d 400, 401 [1995]). Since none of the circumstances set forth in CPLR 5019 (a) were applicable here, the court had no authority to vacate its prior order granting the

plaintiffs leave to enter judgment against the defaulting defendants (*see Armstrong Trading, Ltd. v MBM Enters.*, 29 AD3d 835 [2006]; *Matter of Owens v Stuart,* 292 AD2d 677, 678-679 [2002]; *Osamwonyi v Grigorian,* 220 AD2d 400, 401 [1995]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.