■ In the Matter of ZACHARY EE., a Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MISTY DD., Appellant. [897 NYS2d 287]—

Spain, J. Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered January 5, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in willful violation of a prior order, and (2) from an order of said court, entered May 27, 2009, which, among other things, vacated the order entered on January 5, 2009.

In conjunction with a petition alleging that she had neglected her son (born in 2008), a temporary order of protection was entered against respondent by Family Court in March 2008, which order she later admitted to violating. In an April 2008 order, she was found to have willfully violated the temporary order of protection and was sentenced to six months in jail, with the sentence suspended subject to a number of conditions. A final order of protection, on consent, was also made on the same date in conjunction with the dispositional order in the neglect proceeding, both of which contained conditions.

In September 2008, petitioner filed a petition alleging that respondent violated the conditions of the suspended sentence, the dispositional order and the order of protection by, among other things, leaving her inpatient treatment program, and by not notifying her caseworker of a change in her address within three days. Thereafter, respondent admitted in Family Court to failing to provide her change of address in violation of the dispositional order and order of protection and then stipulated to failing to

comply with the rules and recommendations of her treatment program in violation of one of the conditions upon which the six-month jail sentence had been suspended. Family Court's ensuing order, entered January 5, 2009, sentenced respondent to 18 days in jail for the change of address violation and, based on respondent's stipulation, revoked her suspended sentence and imposed the six-month jail sentence. In imposing these sentences consecutively, the court directed that her 49 days of time already served be credited against the 18-day jail sentence, but refused to credit any of her remaining time served against the six-month sentence. Respondent timely appealed from that order and, on February 13, 2009, she surrendered her parental rights to the subject child. On February 27, 2009, this Court granted respondent's motion for a stay of her sentence and she was released, pending the outcome of her appeal. In March 2009, respondent moved in Family Court seeking specifically to have the remainder of her six-month sentence vacated, but Family Court instead vacated its January 5, 2009 order—on its own motion—and ordered (and scheduled) an evidentiary hearing on the suspended sentence violation. Respondent also appealed from Family Court's order of vacatur and this Court subsequently stayed the court from proceeding with that hearing.

Initially, we reject respondent's assertion that Family Court lacked the authority to lift the suspension on her six-month jail sentence. The record amply reflects that respondent knowingly, intelligently and voluntarily admitted to and stipulated to willfully failing to comply with court-ordered conditions in violation of the previously issued dispositional order and order of protection, and that she fully understood that her stipulation constituted an admission to a violation of the order that suspended her previously imposed six-month jail sentence.

We agree, however, with respondent's contention that, under these circumstances, Family Court lacked jurisdiction to vacate, sua sponte, its order sentencing respondent to jail for six months and restoring the violation petition proceedings to the calendar for trial. Contrary to Family Court's decision, vacating the order in question was far from what was requested in respondent's motion. While during the pendency of an appeal a trial court can correct ministerial errors or defects by way of vacatur of its prior orders and judgments and may entertain motions, it cannot, sua sponte, vacate a prior order from which an appeal has been taken (see *Matter of Rospigliosi v Abbate*, 31 AD3d 648, 649-650 [2006]; *Matter of Owens v Stuart*, 292 AD2d 677, 678-679 [2002]). "If it were able to do so, the issuing court would, in effect, be insulating its subsequent order from appellate review

as of right" (*Matter of Rospigliosi v Abbate*, 31 AD3d at 650 [citations omitted]).

Finally, at the time that Family Court lifted the suspension of the six-month jail sentence, respondent had been held in jail for 49 days. Respondent was sentenced to 18 days in jail on the underlying violation and the court ordered that the remaining 31 days of time served not be credited toward respondent's six-month sentence. In accordance with our discretion, we hereby credit her with those 31 days of time served and vacate the remainder of her jail sentence.

Mercure, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order entered May 27, 2009 is reversed, on the law, without costs. Ordered that the order entered January 5, 2009 is modified, on the facts, without costs, by crediting respondent's jail sentence with 31 days of time served and by vacating the remainder of her sentence, and, as so modified, affirmed.