In an action, inter alia, to recover damages for breach of a fee sharing agreement, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered March 5, 2009, as denied that branch of its motion which was for summary judgment, and granted the defendants’ cross motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from with costs.
Each of the parties is either an attorney or a law firm. The plaintiff alleges that the defendants owe it a portion of a fee from a case which was covered by a fee sharing agreement. An attorney may not recover a fee that is impermissible under the Code of Professional Responsibility (see Ford v Albany Med. Ctr., 283 AD2d 843, 845 [2001]; Matter of Silverberg [Schwartz], 75 AD2d 817, 819 [1980]; see also Excelsior 57th Corp. v Lerner, 160 AD2d 407, 408 [1990]; Schweizer v Mulvehill, 93 F Supp 2d 376 [2000]). Inasmuch as the record demonstrates that the subject fee sharing agreement herein is unenforceable under Code of Professional Responsibility DR 2-107 (22 NYCRR 1200.12), the defendants established their prima facie entitlement to judgment as a matter of law. In opposition thereto, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants’ cross motion for summary judgment dismissing the complaint and denied that branch of the plaintiffs motion which was for summary judgment (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; cf. Weinstein, Chayt & Chase, PC. v Breitbart, 31 AD3d 753 [2006]). Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.