■ MARTIN HIRSCH, Appellant, v BASHIAN & FARBER, LLP, et al., Respondents. [912 NYS2d 906]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered January 26, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an attorney, alleged that in 2006, he referred an estate matter to the defendants and that pursuant to an oral fee-sharing agreement, the defendants owe him a portion of a fee earned in representing the estate. In support of their motion for summary judgment dismissing the complaint, the defendants established, prima facie, that the fee-sharing agreement in question was unenforceable under Code of Professional Responsibility DR 2-107 (22 NYCRR 1200.12), which was the law in effect at the time of the conduct at issue (*see Parker Waichman Alonso LLP v Ajlouny*, 76 AD3d 961 [2010]; *Ford v Albany Med. Ctr.*, 283 AD2d 843, 845-846 [2001]; *Matter of Silverberg [Schwartz]*, 75 AD2d 817 [1980]; *see also Excelsior 57th Corp. v Lerner*, 160 AD2d 407, 408 [1990]). In opposition, even if we were to consider, among other things, the plaintiff's unsworn affirmation (*see* CPLR 2106; *Young Hwan Park v Orellana*, 49 AD3d 721 [2008]) in addition to the verified complaint (*see* CPLR 105 [u]), the plaintiff failed to raise a triable issue of fact (*cf. Samuel v Druckman & Sinel, LLP*, 12 NY3d 205, 210 [2009]; *Benjamin v Koeppel*, 85 NY2d 549, 552, 556 [1995]; *Reich v Wolf & Fuhrman, P.C.*, 36 AD3d 885, 886 [2007]; *Weinstein, Chayt & Chase, P.C. v Breitbart*, 31 AD3d 753 [2006]; *Graham v Corona Group Home*, 302 AD2d 358, 359 [2003]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.