■ Town of North Elba et al., Appellants, v William H. Grimditch Jr. et al., Respondents. [948 NYS2d 157]—

Rose, J.P. Appeals (1) from an order of the Supreme Court (Meyer, J.), entered September 29, 2010 in Essex County, which, among other things, partially granted plaintiffs' motion for a preliminary injunction, and (2) from an order of said court, entered March 11, 2011, which, among other things, granted defendants' motion to vacate said order.

The underlying facts are more fully set forth in our decision in *Town of N. Elba v Grimditch* (96 AD3d 1305 [2012] [decided herewith]). As relevant here, plaintiffs moved for a preliminary injunction preventing defendant William H. Grimditch Jr. from constructing a boathouse in the waters of Lake Placid adjacent to his lakefront property. The parties agreed that the injunction would also apply to a second boathouse being constructed adjacent to a nearby lakefront parcel owned by Grimditch's children, defendants Wayne H.

Grimditch and Carol Lynn Grimditch Roda. Supreme Court issued a limited preliminary injunction which, among other things, directed defendants to apply for building permits and to comply with the applicable Village of Lake Placid/Town of North Elba Land Use Code. Plaintiffs appeal from the preliminary injunction, arguing that the court had no authority to impose certain conditions on the process for reviewing defendants' applications. While that appeal was pending, Supreme Court vacated the preliminary injunction, and plaintiffs appeal from that order as well.

Initially, we address defendants' contention that the appeal from the preliminary injunction is moot by virtue of the subsequent order vacating the injunction. Plaintiffs' challenge to the vacatur order is limited to whether Supreme Court was authorized to issue it. Generally, an issuing court retains the power to entertain and decide motions on an order that has been appealed even where the outcome may impact the pending appeal (*see Matter of Rospigliosi v Abbate*, 31 AD3d 648, 650 [2006]; *see generally* CPLR 2221, 5015). Here, plaintiffs claim that the vacatur was improper because it was sua sponte (*see Matter of Zachary EE. [Misty DD.]*, 71 AD3d 1239, 1240 [2010]). The record, however, reveals that Supreme Court vacated the preliminary injunction pursuant to defendants' specific request. As the preliminary injunction is no longer in effect, and as plaintiffs do not challenge the merits of the determination to grant vacatur, the appeal from the preliminary injunction must be dismissed (*see Matter of Martin v Rolley*, 22 AD3d 998 [2005]; *Ireland v Wilenzik*, 296 AD2d 771, 773-774 [2002]; *Matter of Century Concrete Corp. v Zoning Bd. of Appeals of Town of Saugerties*, 248 AD2d 787, 788 [1998]; *cf. Scally v Scally*, 151 AD2d 869, 871 [1989]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the appeal from the order entered September 29, 2010 is dismissed, without costs. Ordered that the order entered March 11, 2011 is affirmed, without costs.