RAYMONDE MENARDY, Appellant, v GLADSTONE PROPERTIES, INC., et al., Defendants, and RICHARD TANNENBAUM, Respondent. [955 NYS2d 114]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated August 24, 2011, which denied her motion, in effect, for leave to enter a second default judgment against the defendants pursuant to CPLR 3215 and, sua sponte, amended a prior order of the same court dated November 23, 2009, so as to direct the dismissal of the complaint insofar as asserted against the defendant Richard Tannenbaum.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated August 24, 2011, as, sua sponte, amended the order dated November 23, 2009, so as to direct the dismissal of the complaint insofar as asserted against the defendant Richard Tannenbaum is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated August 24, 2011, is modified, on the law, (1) by deleting the provision thereof, sua sponte, amending the order dated November 23, 2009, so as to direct the dismissal of the complaint insofar as asserted against the defendant Richard Tannebaum and (2) by deleting the provision thereof denying those branches of the motion which were, in effect, for leave to enter a second default judgment pursuant to CPLR 3215 against the defendants Gladstone Properties, Inc., and Columbia Realty Co. and substituting therefor provisions granting those branches of the motion; as so modified, the order dated August 24, 2011, is affirmed, without costs or disbursements.

The plaintiff was injured in 1995 when a kitchen ceiling collapsed onto her. In 1998, the plaintiff commenced an action against the defendants, and in 2007 a default judgment was entered in her favor against all of the defendants. In an order dated November 23, 2009, the Supreme Court granted the defendants' motion to vacate the default judgment, and scheduled the matter for a preliminary conference. Subsequently, the plaintiff's counsel and the defendant Richard Tannenbaum appeared in court for a preliminary conference, and stipulated to a discovery schedule. The defendants Gladstone Properties, Inc., and Columbia Realty Co. did not appear. The plaintiff, alleging that the defendants thereafter failed to comply with discovery, and otherwise defaulted, inter alia, in the obligations imposed upon them in a preliminary conference order dated January 13, 2010, thereafter moved, in effect, for leave to enter a second default judgment against the defendants pursuant to CPLR 3215. In an order dated August 24, 2011, the Supreme Court denied the plaintiff's motion and, sua sponte,

amended the order dated November 23, 2009, so as to direct the dismissal of the complaint insofar as asserted against Tannenbaum. The plaintiff appeals.

"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see Atkins-Payne v Branch*, 95 AD3d 912 [2012]; *Rienzi v Rienzi*, 23 AD3d 450 [2005]). Here, no such extraordinary circumstances existed so as to warrant the sua sponte dismissal of the complaint insofar as asserted against Tannenbaum. In addition, the Supreme Court's determination to direct the dismissal of the complaint insofar as asserted against Tannenbaum, based upon improper service of process, was, in effect, an improper reversal of that portion of a prior order dated November 23, 2009, which, upon vacating the defendants' default, implicitly concluded that service was properly effected upon Tannenbaum since the court directed the case to proceed to a preliminary conference (*see McConnell v Santana*, 87 AD3d 618 [2011]). "[A] trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its own order or judgment" (*Adams v Fellingham*, 52 AD3d 443, 444 [2008]; *see Herpe v Herpe*, 225 NY 323 [1919]; *Matter of Owens v Stuart*, 292 AD2d 677, 678-679 [2002]; *Reisman v Coleman*, 226 AD2d 693 [1996]; *Osamwonyi v Grigorian*, 220 AD2d 400, 401 [1995]). Accordingly, it was error for the Supreme Court to amend its prior order so as to direct the dismissal of the complaint insofar as asserted against Tannenbaum after the time to appeal or move pursuant to CPLR 2221 expired.

The Supreme Court also should have granted that branch of the plaintiff's motion which was, in effect, for leave to enter a second default judgment against the defendants Gladstone Properties, Inc., and Columbia Realty Co. since the record reflects that the plaintiff satisfied the criteria set forth under CPLR 3215. However, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, for leave to enter a second default judgment against Tannenbaum. Although the plaintiff demonstrated "proof of the facts constituting the claim and the amount due," under the particular circumstances of this case, she failed to establish that Tannenbaum was in default of his obligations pursuant to the preliminary conference order (*see* CPLR 3215 [f]). Angiolillo, J.P., Austin, Sgroi and Miller, JJ., concur.