■ Mack-Cali Realty, L.P., et al., Respondents, v Everfoam Insulation Systems, Inc., Appellant. [13 NYS3d 95]—

In an action to recover damages for breach of contract and negligence, the defendant appeals from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated January 2, 2014, as denied its motion to vacate an amended judgment of the same court dated June 11, 2013, and for a new trial on damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant installed spray insulation foam in the third and fourth-floor ceilings of the plaintiffs' commercial office building. The plaintiffs commenced this action to recover damages for breach of contract and negligence, alleging that the defendant applied the foam improperly in some areas, thereby creating a chemical reaction that caused a noxious odor in those areas.

The parties moved for summary judgment at the close of discovery. The plaintiffs' motion sought, inter alia, summary judgment dismissing the defendant's fourth affirmative defense, alleging that the plaintiffs failed to mitigate damages. The defendant opposed that branch of the plaintiffs' motion, asserting that the plaintiffs failed to mitigate their damages by refusing to allow the defendant to remove the insulation spray foam pursuant to a "restore and repair" provision in the contract. The Supreme Court, by order entered August 22, 2011, inter alia, granted that branch of the plaintiffs' motion which was for summary judgment dismissing the defendant's fourth affirmative defense.

Both parties appealed from that order and, upon the denial of the defendant's motion to stay the trial pending the appeal, a nonjury trial commenced during which the plaintiffs moved in limine to preclude the defendant, based on the law of the case doctrine, from introducing evidence that the plaintiffs failed to mitigate damages. The Supreme Court denied the plaintiffs' motion and permitted the defendant to introduce such evidence to preserve the record in the event of a possible modification or reversal of its order entered August 22, 2011. After the trial, the Supreme Court awarded judgment in favor of the plaintiffs on their cause of action alleging negligence and, thereafter, upon the partial grant of the plaintiffs' post-

trial motion, an amended judgment increasing the damages award was entered.

Subsequently, the appeal from the order entered August 22, 2011, was decided. This Court determined, inter alia, that the Supreme Court erred in granting that branch of the plaintiffs' motion which was for summary judgment dismissing the defendant's fourth affirmative defense (*see Mack-Cali Realty, L.P. v Everfoam Insulation Sys., Inc.*, 110 AD3d 680, 682 [2013]). The defendant then moved before the Supreme Court to vacate the amended judgment and for a new trial on damages, contending that while the Supreme Court allowed it to adduce some evidence of the plaintiffs' failure to mitigate damages, it prevented the defendant from presenting evidence of "alternative, prudent, and fiscally-responsible methods of remediating the offending insulation." In the order appealed from, dated January 2, 2014, the Supreme Court, inter alia, denied the defendant's motion to vacate the amended judgment and for a new trial on damages.

The Supreme Court properly denied the plaintiffs' motion in limine to preclude the defendant from introducing evidence at trial that the plaintiffs failed to mitigate damages, allowing the defendant to introduce such evidence. While the Supreme Court did not have appellate jurisdiction to reverse or modify its prior ruling granting summary judgment dismissing the defendant's fourth affirmative defense alleging that the plaintiffs failed to mitigate their damages (*see Menardy v Gladstone Props., Inc.*, 100 AD3d 840, 842 [2012], quoting *Adams v Fellingham*, 52 AD3d 443, 444 [2008]), the trial court prudently permitted the defendant to adduce such evidence to preserve the record in the event of a potential modification or reversal of its order entered August 22, 2011. Most significantly, the defendant failed to reference a single instance during trial in which it was foreclosed from pursuing any line of questioning or submitting any evidence with regard to the plaintiffs' alleged failure to mitigate damages. In light of the trial court's decision to permit the defendant to adduce evidence regarding the issue of mitigation of damages, the failure of the defendant to reference any instances during the trial wherein its examination of witnesses or presentation of evidence were curtailed, as well as the defendant's failure to explain what additional relevant and noncumulative witnesses or evidence would be presented at a new trial on damages in support of its affirmative defense, the Supreme Court properly denied the defendant's motion to vacate the amended judgment and for a new trial on damages. Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.