Julien Farel, LLC v Stove Props. USA, Inc. (2025 NY Slip Op 50871(U))

[*1]

Julien Farel, LLC v Stove Props. USA, Inc.

2025 NY Slip Op 50871(U)

Decided on May 9, 2025

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 9, 2025
Supreme Court, New York County

Julien Farel, LLC, Plaintiff, and Julien Farel, Counterclaim-Defendant,

against
Stove Properties USA, Inc., Defendant/Counterclaim-Plaintiff.

Index No. 653122/2019

Oved & Oved LLP, New York, NY (Glen Lenihan, Terrence A. Oved, and Jennifer R. Pierce of counsel), for plaintiff Julien Farel, LLC, and counterclaim-defendant Julien Farel.
Rosenberg & Estis, P.C., New York, NY (Norman Flitt of counsel), for defendant/counterclaim-plaintiff Stove Properties USA, Inc.

Gerald Lebovits, J.

This is a commercial-landlord-tenant action. Plaintiff-tenant, Julien Farel, LLC, and counterclaim-defendant-guarantor, Julien Farel, move for leave to reargue this court's order on motion sequence 003. That order, in turn, addressed the court's prior decision on motion sequence 002 resolving the motion of defendant-landlord, Stove Properties USA, Inc., for summary judgment on its counterclaims against guarantor.
On motion sequence 002, this court denied landlord's summary-judgment motion on the ground that an issue of fact existed about whether tenant had validly terminated the underlying lease due to a "casualty" to the premises, namely serious water damage resulting from leaks in the building's roof. (See NYSCEF No. 61.) On motion sequence 003, landlord moved to reargue [*2]the denial of summary judgment. This court granted leave to reargue; and on reargument, agreed with landlord that as a matter of law the roof leaks did not constitute a "casualty" for purposes of the lease's termination clause. (See Julien Farel, LLC v Stove Properties USA, Inc., 2024 WL 3402807, at *1-2 [Sup Ct, NY County July 8, 2024].) As a result, tenant's attempt to terminate the lease based on the occurrence of a casualty was ineffective, leaving tenant (and thus guarantor) liable for rent for the balance of the lease term. (See id. at *2.)
On this motion, tenant and guarantor seek, in effect, to reargue reargument.[FN1]
They contend that this court's decision on motion sequence 003 misapprehended the precedents interpreting the meaning of "casualty" in commercial leases. Movants also argue that whether or not the lease termination was proper, issues of fact remain about the water damage constituted a constructive eviction that ousted the obligation of tenant (and thus of guarantor) to pay rent in the first place. This court is not persuaded that leave to reargue is warranted in the circumstances of this motion.
DISCUSSION
I. Landlord's Threshold Arguments for Denial of Reargument
Two threshold points require addressing before considering fully movants' request for leave to reargue.
Landlord recently emailed the court (copying opposing counsel), to claim that this motion has been rendered academic by movants' perfection of their interlocutory appeal from this court's order on motion sequence 003. That is, landlord argues, because that has been perfected, this court now lacks jurisdiction to decide whether to reconsider the order appealed from. This court disagrees. During the pendency of an appeal from an order issued by the court of first instance, "the issuing court generally retains the power to entertain and decide motions, even where the outcome of such motion practice may impact the pending appeal."[FN2]
(Matter of Rospigliosi v Abbate, 31 AD3d 648, 650 [2d Dept 2006].)
Landlord also argues at the threshold that movants' arguments on this motion are foreclosed by the unconditional nature of the guarantee, including language making guarantor liable notwithstanding "'any event or circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor.'" (NYSCEF No. 108 at 9, quoting NYSCEF No. 33 at 2.) This court disagrees. Movants' argument on this motion is not that guarantor has a viable defense to what otherwise would be its liability on tenant's rent obligations, but that tenant did not incur those obligations in the first place. (See 549 LLC v Luna, 2022 NY Slip Op 50852[U], at *2 & n 3 [Sup Ct, NY County 2022] [discussing this distinction], aff'd 219 AD3d 1209 [1st Dept 2023].) Movants may properly raise that argument in opposition to a claim on the guarantee. A contrary conclusion would violate the foundational principle that even an unconditional guarantor "is only liable upon the noncompliance of the principal obligor." (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," NY Branch v Navarro, 25 NY3d 485, 495 [2015].)
II. Whether Movants Have Shown that the Court Should Grant Leave To Reargue
That movants may now properly raise, and this court may now properly consider, these arguments does not resolve whether this court should accept the arguments on this motion. The court concludes that it should not. Movants contend this court's order on motion sequence 003 erred in two respects. Neither warrants reargument.
First, movants contend that this court misapprehended the law when the court reconsidered its interpretation of the scope of "casualty" for purposes of the termination clause in the underlying lease. (See NYSCEF No. 98 at 12-15.) As the procedural history of landlord's motion for summary judgment reflects, movants' arguments are not without force. But this court's order on motion sequence 003 reflected careful consideration of those arguments and the applicable precedents (including those cited by movants on this motion). That the question is close and that movants disagree with how this court resolved it—as they are entitled to do—does not mean that this court overlooked or misapprehended an issue of fact or law on the prior motion.
Second, movants contend that this court's prior order overlooked that whether or not the leaks constituted a "casualty" for lease-termination purposes, questions of fact remain on the constructive-eviction issue—and thus on "whether Tenant owes any money to landlord" at all. (NYSCEF No. 98 at 10.) Movants, however, did not previously raise this particular argument in opposition to landlord's summary-judgment motion (mot seq 002) or in opposition to landlord's reargument motion (mot seq 003). And reargument "is not designed to afford the unsuccessful party successive opportunities . . . to present arguments different from those originally asserted." (William P. Pahl Equp. Corp. v Kassis, 182 AD2d 22, 27 [1st Dept 1992].)
That is, movants' position on the two prior motions was that in March 2019, a factual question existed about whether tenant properly cut off its obligation to pay rent going forward (and thus guarantor's liability for that obligation) by invoking the lease's termination clause based on the water leaks.[FN3]
Movants now make the additional argument that even if tenant did not terminate the lease in March 2019, a factual question exists about whether the effect of the water leaks constituted a constructive eviction that vitiated tenant's prospective obligation to pay rent under the still-extant lease. That argument, which focuses on the common-law issue of whether [*3]tenant was constructively evicted, is materially distinct from movants' other argument, which focuses on the scope and procedure of the lease's express termination clause. Because movants did not raise the constructive-eviction ground for denying summary judgment on either motion sequence 002 or 003, that ground is not properly before the court on the current motion for leave to reargue.
A final procedural issue requires attention. Movants brought on this motion by order to show cause. (See NYSCEF No. 100.) Movants' proposed order to show cause also included a request for interim relief staying enforcement of this court's order on motion sequence 003, including the entry of judgment on that order. (See id. at 2.) This court granted movants' request for interim relief. Ordinarily, the court's order denying the underlying reargument motion would also vacate the interim stay. (See People v Asiatic Petroleum Corp., 45 AD2d 835, 836 [1st Dept 1974].) But given that, as discussed above, movants have already perfected their appeal (and that the issues on appeal are difficult), the court concludes that the stay should remain in place pending the Appellate Division's ruling on appeal.
Accordingly, it is
ORDERED that tenant/guarantor's motion for leave to reargue is denied; and it is further
ORDERED that the interim stay granted by this court in the signed order to show cause appearing at NYSCEF No. 100 shall remain in effect pending the resolution of movants' pending appeal taken from this court's July 8, 2024 order.
DATE 5/9/2025

Footnotes

Footnote 1:Tenant and guarantor have also taken, and recently perfected, an appeal from this court's reargument order.

Footnote 2:Neither of the two decisions cited by landlord in its correspondence suggests a contrary conclusion. In Soufer Family LLC v Sprague (2023 NY Slip Op 50334[U] [Civ Ct Hous Part, NY County 2023]), the court was being asked to resolve a factual issue that would determine whether a pending appeal had been timely filed. The court concluded that this question, going to the jurisdiction of the Appellate Term over the appeal, was properly left to the Appellate Term—particularly because that court had already told the parties that they could address the timeliness issue in their appellate briefs. (See id. at *4.) The issue on this motion, although potentially significant to the outcome of the appeal, does not affect whether the appeal was properly brought to begin with. Matter of Cupo v McGoldrick (278 AD 108 [1st Dept 1951]) concerned an administrative agency's sua sponte reconsideration of its prior determination, made during the pendency of a CPLR article 78 proceeding to review that determination. The general statement in that decision about the scope of lower-court authority over a case once an appeal has been perfected is dicta. (See 278 AD at 113-114.) In any event, that dicta has been superseded, in the 75 years since its issuance, by more granular appellate consideration of this issue, in decisions like Matter of Rospigliosi.

Footnote 3:As reflected above, movants also repeat this argument on the current motion.