■ NYCTL 1998-2 Trust et al., Respondents, v Michael Holdings, Inc., Respondent, et al., Defendants. L.T. Motors Auto Sales, Inc., Nonparty Appellant. [910 NYS2d 469]—

In an action to foreclose a tax lien, nonparty L.T. Motor Auto Sales, Inc., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Flug, J.), entered February 13, 2009, as denied its motion to vacate a judgment of foreclosure and sale of the same court entered February 8, 2007, and (2) so much of an order of the same court entered May 8, 2009, as denied that branch of its motion which was for leave to renew its prior motion to vacate, and, in effect, upon granting that branch of its motion which was for leave to reargue its prior motion to vacate the judgment of foreclosure and sale, and its opposition to the motion of the defendant Michael Holdings, Inc., to confirm a referee's report and for the distribution of the surplus money to it, adhered to the original determination.

Ordered that the appeal from the order entered February 13, 2009, is dismissed, as that order was superseded by the order made, in effect, upon reargument; and it is further,

Ordered that the order entered May 8, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

As the Supreme Court reviewed the merits of the appellant's contentions on the branch of its motion which was for leave to reargue, the court, in effect, granted reargument and adhered to its original determination. Therefore, contrary to the respondents' contentions, the order entered May 8, 2009, made, in effect, upon reargument, is appealable (*see Matter of Mattie M. v Administration for Children's Servs.*, 48 AD3d 392 [2008]; *Rivera v Glen Oaks Vil. Owners, Inc.*, 29 AD3d 560 [2006]).

Since the appellant failed to demonstrate that the Supreme Court misapprehended any of the relevant facts that were before it or misapplied any controlling principle of law, the Supreme Court properly adhered to its prior determination denying the appellant's motion to vacate the judgment of foreclosure and sale. A tenant is not an indispensable party to a foreclosure action, and the failure to name a tenant does not render the judgment of foreclosure and sale defective (*see G.C.M. Corp. v 382 Van Duzer Corp.*, 249 AD2d 264 [1998]; *Balt v J.S. Funding Corp.*, 230 AD2d 699 [1996]). Additionally, the Supreme Court properly determined that the appellant was not a contract vendee with equitable title to the property and an equitable lien in the amount of the consideration it allegedly paid (*see Heritage Art Galleries v Raia*, 173 AD2d 441 [1991]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400 [1983]; *see also Singh v Atakhanian*, 31 AD3d 425 [2006]).

The Supreme Court properly denied that branch of the appellant's motion which was for leave to renew its prior motion, as none of the new facts relied upon was sufficient to change the original determination (*see* CPLR 2221 [e]; *Bank of N.Y. v Segui*, 68 AD3d 908 [2009]; *Weitzenberg v Nassau County Dept. of Recreation & Parks*, 53 AD3d 653 [2008]). The appellant's remaining contention is without merit. Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.

Separate motions by the plaintiffs-respondents and the defendant-respondent, inter alia, to dismiss an appeal from an order of the Supreme Court, Queens County, entered May 8, 2009, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated May 14, 2010, those branches of the motions which were to dismiss the appeal from the order entered May 8, 2009, on the ground that no appeal lies from an order denying reargument were held in abeyance and were referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motions, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that those branches of the motions which were to dismiss the appeal from the order entered May 8, 2009, on the ground that no appeal lies from an order denying reargument are denied in light of our determination on the appeal. Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.