Private Capital Group, LLC v Llobell (2020 NY Slip Op 07933)





Private Capital Group, LLC v Llobell


2020 NY Slip Op 07933


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-05420
 (Index No. 24010/08)

[*1]Private Capital Group, LLC, etc., plaintiff, 
v
Paul . Llobell, Jr., etc., et al., respondents, et al., defendants; Goshen Mortgage, LLC, etc., nonparty-appellant.


Jeffrey A. Kosterich, LLC, Tuckahoe, NY (Michael Li of counsel), for nonparty-appellant.
Murray Law Group, P.C., West Sayville, NY (Mark A. Murray of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Goshen Mortgage, LLC, appeals from an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated October 27, 2017. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination of the same court in an order dated December 23, 2016, granting the motion of the defendants Paul V. Llobell and Barbara A. Llobell pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them.
ORDERED that the order dated October 27, 2017, is reversed insofar as appealed from, on the law, with costs, the determination in the order dated December 23, 2016, granting the motion of the defendants Paul V. Llobell and Barbara A. Llobell pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them is vacated, and that motion is denied.
The instant action was commenced in 2008 to foreclose upon a mortgage executed by the defendants Paul V. Llobell and Barbara A. Llobell (hereinafter together the defendants). The defendants defaulted in answering the complaint, and the plaintiff was granted an order of reference in June 2009. The defendants never moved to vacate their default.
In April 2015, the nonparty-appellant, Goshen Mortgage, LLC (hereinafter Goshen), purportedly purchased the note underlying the subject mortgage. On or about February 11, 2016, the defendants moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them. Goshen opposed the motion and cross-moved pursuant to CPLR 3216 to extend its time to resume prosecution, nunc pro tunc, by an additional 90 days, contending, inter alia, that it had both a reasonable excuse for its delay in prosecuting this action and a meritorious cause of action. In an order dated December 23, 2016, the Supreme Court granted the defendants' motion and denied Goshen's cross motion.
On or about February 7, 2017, Goshen moved for leave to reargue and/or renew the defendants' motion and Goshen's cross motion, arguing, for the first time, that the defendants' motion to dismiss was fatally defective because issue was never joined, and therefore one of the [*2]necessary prerequisites of CPLR 3216(b) was not satisfied. The defendants opposed Goshen's motion, arguing, inter alia, that Goshen had waived its argument regarding lack of joinder of issue by failing to raise it in its opposition to the defendants' motion.
In an order dated October 27, 2017, the Supreme Court addressed the merits of Goshen's motion for renewal and reargument, and then, in effect, adhered to its prior determination. Goshen appeals, as limited by its brief, from so much of the order as, in effect, upon reargument, adhered to its prior determination granting the defendants' motion to dismiss.
As the Supreme Court reviewed the merits of Goshen's contentions raised in its motion for leave to reargue and/or renew, "'the court, in effect, granted reargument and adhered to its original determination'" (Budoff v City of New York, 164 AD3d 737, 738, quoting NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d 805, 806). In such circumstances, the order "made, in effect, upon reargument, is appealable" (Budoff v City of New York, 164 AD3d at 738, quoting NYCTL 1998-2 Trust, 77 AD3d at 806; see Matter of Mattie M. v Administration for Children's Servs., 48 AD3d 392, 393).
We disagree with the Supreme Court's determination to adhere to its prior determination granting the defendants' motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them. Upon reargument, Goshen successfully demonstrated that, when determining the defendants' motion, the court misapprehended or misapplied the relevant law or facts (see CPLR 2221[d]).
"A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see Bank of N.Y. v Harper, 176 AD3d 907, 908). One of the statutory preconditions of CPLR 3216 is that issue must have been joined (see CPLR 3216[b][1]). Here, there is no dispute that issue was not joined. Insofar as joinder of issue was a condition precedent to dismissal pursuant to CPLR 3216, Goshen did not forfeit this argument by failing to raise it in its initial opposition to the defendants' motion (see U.S. Bank N.A. v Ricketts, 153 AD3d 1298, 1299; U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110; see also Genovese v Kogel Materials Corp., 61 AD2d 820). Accordingly, upon reargument, the Supreme Court should have denied the defendants' motion (see U.S. Bank N.A. v Ricketts, 153 AD3d at 1299; U.S. Bank N.A. v Bassett, 137 AD3d at 1110).
Goshen's remaining contentions either are without merit or need not be reached in light of our determination. The defendants' remaining contention is improperly raised for the first time on appeal.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court