Nationstar Mtge., LLC v Jong Sim (2021 NY Slip Op 04979)





Nationstar Mtge., LLC v Jong Sim


2021 NY Slip Op 04979


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-10550
2017-10551
 (Index No. 32885/15)

[*1]Nationstar Mortgage, LLC, appellant, 
v
Jong Sim, etc., respondent, et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from two orders of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated January 18, 2017, and July 25, 2017, respectively. The order dated January 18, 2017, denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Jong Sim. The order dated July 25, 2017, insofar as appealed from, (1) in effect, upon reargument, adhered to the determination in the order dated January 18, 2017, and (2) denied that branch of the plaintiff's motion which was for leave to renew its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Jong Sim.
ORDERED that the appeal from the order dated January 18, 2017, is dismissed, without costs or disbursements, as that order was superseded by the order dated July 25, 2017, made, in effect, upon reargument; and it is further,
ORDERED that the order dated July 25, 2017, is affirmed insofar as appealed from, without costs or disbursements.
On May 14, 2009, the defendants Jong Sim (hereinafter the defendant) and Mi Sim (hereinafter together the mortgagors) executed a consolidated note and mortgage securing a loan in the amount of $267,500, encumbering certain real property they owned in Orangeburg. In February 2011, the mortgagors moved to Chula Vista, California.
On July 6, 2015, the plaintiff commenced this action to foreclose the consolidated mortgage against, among others, the mortgagors, alleging that they had defaulted on the subject mortgage loan by failing to make the monthly installment payment due October 1, 2011, and all payments thereafter. The defendant interposed an answer, asserting various affirmative defenses, including the plaintiff's failure to comply with RPAPL 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. In an order dated January 18, 2017, the Supreme Court denied the motion. Thereafter, the plaintiff moved for leave to reargue and renew its prior motion. In an order dated July 25, 2017, the court denied that branch of the motion which was for leave to renew, in [*2]effect, granted that branch of the motion which was for leave to reargue, and, upon reargument, adhered to its original determination. The plaintiff appeals from both orders.
"As the Supreme Court reviewed the merits of [the plaintiff's] contentions on the branch of its motion which was for leave to reargue, the court, in effect, granted reargument and adhered to its original determination" (NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d 805, 806; see Private Capital Group, LLC v Llobell, 189 AD3d 1483, 1484). Therefore, the portion of the order dated July 25, 2017, which was made, in effect, upon reargument is appealable (see Private Capital Group, LLC v Llobell, 189 AD3d at 1484; see also Rivera v Glen Oaks Vil. Owners, Inc., 29 AD3d 560, 561).
The plaintiff failed to meet its burden of establishing, prima facie, that the subject loan was not a "home loan" as defined by RPAPL 1304 and that, consequently, the statute's notice requirements did not apply. RPAPL 1304(1) provides that, in a residential foreclosure action, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." Notice must be sent both "by registered or certified mail and also by first-class mail" (RPAPL 1304[2]). Pursuant to the version of RPAPL 1304 that was in effect in 2015, the notice requirements applied "to any 'home loan,' as defined in RPAPL 1304(5)(a)" (Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910). This definition was, in pertinent part, as follows: "'Home loan' means a loan . . . , in which . . . [t]he loan is secured by a mortgage or deed of trust on real estate improved by a one to four family dwelling . . . which is or will be occupied by the borrower as the borrower's principal dwelling . . . " (RPAPL former 1304[5][a][iii]). Further, in 2015, RPAPL 1304(3) provided that "[t]he ninety day period specified in the notice contained in subdivision one of this section shall not apply, or shall cease to apply, if the borrower has filed an application for the adjustment of debts to the borrower or an order for relief from the payment of debts, or if the borrower no longer occupies the residence as the borrower's principal dwelling" (RPAPL former 1304[3] [emphasis added]). In 2016, the Legislature added the following sentence to RPAPL 1304(3): "Nothing herein shall relieve the lender, assignee or mortgage loan servicer of the obligation to send such notice, which notice shall be a condition precedent to commencing a foreclosure proceeding" (L 2016, ch 73, § 6).
Beginning, first, with the plain language of the statute (see Yatauro v Mangano, 17 NY3d 420, 426; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583), RPAPL former 1304(5)(a)(iii) does not provide, as the plaintiff contends in its brief on appeal, that a mortgage fails to qualify "as a 'home loan' unless, at the time of commencement [of the foreclosure action], the mortgaged premises is or will be occupied as the principal dwelling of the mortgagor." In fact, subdivision (5)(a) in the 2015 version of RPAPL 1304, is silent as to when, or for how long, the property must be occupied by the borrower as the borrower's principal dwelling for the loan to qualify as a "home loan" for purposes of RPAPL 1304 notice requirements. Construing RPAPL 1304, as we must, "as a whole" (People v Mobil Oil Corp., 48 NY2d 192, 199), and considering RPAPL former 1304(3) and RPAPL former 1304(5)(a)(iii) "together and with reference to each other" (People v Mobil Oil Corp., 48 NY2d at 199), the latter cannot be interpreted, as the plaintiff suggests, to relieve the plaintiff altogether of the notice requirements of RPAPL 1304 where the borrower no longer occupies the mortgaged property as his principal dwelling. This Court has held that, even prior to the 2016 amendment to RPAPL 1304(3), pursuant to RPAPL former 1304(3), the borrower's filing of a bankruptcy petition only relieved the plaintiff "of the 90-day requirement" and not "of the obligation to send the notice prior to commencing the foreclosure action" (Marchai Props., L.P. v Fu, 171 AD3d 722, 725; see Mastr Adjustable Rate Mtges. Trust 2007-1 v Joseph, 186 AD3d 1354, 1355; US Bank N.A. v Lawson, 170 AD3d 1068, 1070). It follows that, pursuant to RPAPL former 1304(3), the fact that the borrower no longer occupies the residence as his or her principal dwelling would similarly only relieve the plaintiff of the 90-day requirement, and not of the obligation to send the notice prior to commencing the foreclosure action.
Accordingly, while finding, pursuant to RPAPL 1304(3), that "[g]iven that Defendant no longer occupies the residence as his principal dwelling place, the ninety-day period specified in the notice is inapplicable," the Supreme Court properly concluded that "Defendant's loan qualified [*3]as a 'home loan' under RPAPL § 1304(5) due to the fact that the home was Defendant's primary residence from the time of the loan until he was transferred to California in 2011," and that, "[t]herefore, Plaintiff needed to serve statutory notice pursuant to RPAPL § 1304 on Defendant by first class mail and certified mail." Therefore, upon reargument, the court properly adhered to its original determination denying the plaintiff's motion, inter alia, for summary judgment (see NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d at 806).
Since the plaintiff failed to establish, prima facie, that RPAPL 1304 did not apply to the subject loan, it was required, upon its motion for summary judgment, "[to] tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1128 [internal quotation marks omitted]). To establish its compliance with the notice requirements of RPAPL 1304, the plaintiff submitted the affidavit of its employee, Takesha Brown, a document execution specialist. Although Brown stated in her affidavit that the RPAPL 1304 notices were mailed by certified and regular first-class mail, she did not attest to having personal knowledge of the mailing, and the plaintiff failed to attach, as exhibits to the motion, any documents to prove that the notices were actually mailed to the defendant (see US Bank N.A. v Mendelovitz, 189 AD3d 1307, 1309; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). In addition, the plaintiff failed to provide "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21 [internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d at 1128).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. at § 2221[e][3]). While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, "the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020; see U.S. Bank N.A. v Francis, 189 AD3d 1511, 1513). Here, the plaintiff's proffered justification was, in effect, its mistaken belief that it would prevail on the argument that RPAPL 1304 does not apply to the subject loan. However, a movant's mistaken reliance on one argument is not a reasonable justification for failing to submit sufficient evidence to support another. "A party seeking summary judgment should anticipate having to lay bare its proof and should not expect that it will readily be granted a second or third chance" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020). Since the plaintiff failed to demonstrate a reasonable justification for its failure to offer the additional affidavit and admissible business records on the prior motion, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew (see id. at 1021).
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court