Deutsche Bank Natl. Trust Co. v Freedman (2022 NY Slip Op 00347)





Deutsche Bank Natl. Trust Co. v Freedman


2022 NY Slip Op 00347


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

532642
[*1]Deutsche Bank National Trust Company, as Trustee, Respondent,
v
Mark Freedman, Appellant.

Calendar Date:December 16, 2021

Before:Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Mann Law Firm, PC, Latham (Matthew J. Mann of counsel), for appellant.
Hinshaw & Culbertson LLP, New York City (Karena J. Straub of counsel), for respondent.



Lynch, J.
Appeals (1) from a judgment of the Supreme Court (Williams, J.), entered August 14, 2009 in Saratoga County, which, among other things, granted plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, (2) from an order of the said court (Nolan Jr., J.), entered October 16, 2020 in Saratoga County, which, among other things, denied defendant's motion to vacate said judgment, and (3) from an order of said court (Nolan Jr., J.), entered December 21, 2020 in Saratoga County, which denied defendant's motion to reargue.
In October 2003, defendant executed a note to borrow $160,000 from Aames Funding Corporation, doing business as Aames Home Loan, secured by a mortgage against real property that he owned in Saratoga County. On December 15, 2006, Aames commenced this foreclosure action alleging that defendant defaulted in payments due on the loan. Three days later, Aames assigned the note and mortgage to plaintiff; the assignment was recorded in June 2007. In September 2007, following joinder of issue, Aames moved for summary judgment seeking an order of reference, to strike defendant's pro se answer and to amend the caption to substitute plaintiff in its place. Although Supreme Court (Williams, J.) initially granted the motion, by order dated September 29, 2008, it granted defendant's motion to vacate the prior order and deemed his amended answer to include lack of standing as a defense. However, upon reargument, the court — by order dated March 31, 2009 — vacated the September 2008 order, finding that defendant failed to raise any question of fact as to plaintiff's standing. Thereafter, the court granted plaintiff a judgment of foreclosure and sale. The judgment was entered on August 14, 2009, but not served with notice of entry until March 2010. In the interim, defendant commenced a bankruptcy proceeding in February 2010, effecting an automatic stay of this action pursuant to 11 USC § 362 (a) (see Deutsche Bank Natl. Trust Co. v DeGiorgio, 171 AD3d 1267, 1268 [2019]).
In the ensuing years, defendant commenced several additional bankruptcy proceedings that were eventually closed.[FN1] On March 20, 2018, with no bankruptcy proceeding pending and on the eve of a scheduled foreclosure sale, defendant moved to vacate the judgment, again raising the issue of standing. By order entered in August 2018, Supreme Court (Nolan Jr., J.) denied the motion, finding that the standing defense had previously been rejected. Thereafter, by order entered May 29, 2019, Supreme Court denied two additional motions to vacate the judgment. Notably, defendant filed but failed to perfect an appeal from that order, which was deemed dismissed (see 22 NYCRR 1250.10 [a]).
In February 2020, defendant again moved to vacate the judgment relying on the recent enactment of RPAPL 1302-a, which makes standing a nonwaivable issue. By order entered October 16, 2020, Supreme Court denied that motion and, by order entered December 31, 2020, also [*2]denied defendant's motion to reargue. Defendant appeals from the August 14, 2009 judgment of foreclosure and sale, the October 16, 2020 order and the December 31, 2020 order.[FN2]
Initially, we conclude that defendant's appeal from the August 2009 judgment is untimely and must be dismissed. In so deciding, we do not rely on the initial service of the judgment in March 2010 while defendant's bankruptcy proceeding was pending, and, for that matter, nor does plaintiff. Rather, the record shows that, in opposing defendant's various motions to vacate starting in March 2018, the affirmation of plaintiff's attorney referred to and included copies of the August 2009 judgment with the notice of entry initially served. The documentation and format were sufficient to trigger the 30-day period in which to take an appeal from the judgment (see CPLR 5513 [a]; Mokay v Mokay, 111 AD3d 1175, 1176-1177 [2013]; Dokaj v Ruxton Tower Ltd. Partnership, 55 AD3d 662, 662-663 [2008]). We are mindful that defendant served plaintiff with a copy of the judgment with notice of entry dated November 16, 2020 and filed his notice of appeal the next day, but find that exercise to no avail since defendant's time to appeal had already expired.
We further conclude that Supreme Court did not abuse its discretion in denying defendant's 2020 motion to vacate the judgment. Pursuant to RPAPL 1302-a, a standing defense in a foreclosure proceeding related to a home loan is not waived if a defendant fails to raise the defense in a responsive pleading or pre-answer motion to dismiss (see L 2019, ch 739, § 1). Defendant maintains that the statute renewed his ability to raise the issue of standing. We disagree. As recounted above, standing has been a central issue repeatedly addressed by the court throughout the history of this litigation. Since there is no issue of waiver, Supreme Court correctly concluded that RPAPL 1302-a does not apply. We further note that, having failed to perfect his appeal from the May 29, 2019 order, in which the same standing objections underlying the subsequent October 2020 order were raised, defendant is barred from raising the standing issue again on appeal, and we decline to exercise our discretion to entertain a second appeal (see HSBC Bank USA, N.A. v Sage, 196 AD3d 1016, 1017-1018 [2021]; MTGLQ Invs., L.P. v Thompson, 188 AD3d 1483, 1483 [2020]).
Garry, P.J., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeals from the August 14, 2009 judgment and the December 21, 2020 order are dismissed, with costs.
ORDERED that the October 16, 2020 order is affirmed, with costs.



Footnotes

Footnote 1: The February 2010 bankruptcy proceeding was closed in May 2010. A second bankruptcy proceeding commenced in April 2014 was closed in September 2014. A third bankruptcy proceeding was filed in October 2014 and closed in October 2017. A further bankruptcy proceeding was filed on October 22, 2018 and closed on February 13, 2019.

Footnote 2: The appeal from the December 21, 2020 order must be dismissed as "[n]o appeal lies from the denial of a motion to reargue" (Matter of Piacente v DiNapoli, 198 AD3d 1026, 1027 [2021]).