Robert v Azoulay Realty Corp. (2022 NY Slip Op 05729)

Robert v Azoulay Realty Corp.

2022 NY Slip Op 05729

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2020-08985
2020-09228
2021-00575
 (Index No. 518984/17)

[*1]Marie L. Saint Robert, respondent,
v
Azoulay Realty Corp., appellant.

Barry McTiernan & Moore, LLC, New York, NY (Laurel A. Wedinger of counsel), for appellant.
Subin Associates, LLP, New York, NY (Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 25, 2020, (2) an order of the same court dated October 26, 2020, and (3) an order of the same court dated December 14, 2020. The order dated June 25, 2020, granted the plaintiff's motion pursuant to CPLR 3124 to compel disclosure to the extent of conditionally precluding the defendant from testifying at trial if the defendant failed to provide certain disclosure on or before July 27, 2020. The order dated October 26, 2020, granted the plaintiff's motion pursuant to CPLR 3126 to preclude the defendant from testifying at trial based upon the defendant's failure to comply with the order dated June 25, 2020. The order dated December 14, 2020, insofar as appealed from, denied that branch of the defendant's motion which was for leave to renew its opposition to the plaintiff's motions pursuant to CPLR 3124 to compel disclosure and pursuant to CPLR 3126 to preclude the defendant from testifying at trial, which had been granted in the orders dated June 25, 2020, and October 26, 2020, respectively, and, in effect, upon reargument, adhered to the determinations in the orders dated June 25, 2020, and October 26, 2020.
ORDERED that the appeals from the orders dated June 25, 2020, and October 26, 2020, are dismissed, as those orders were superseded by the order dated December 14, 2020, made, in effect, upon reargument; and it is further,
ORDERED that the order dated December 14, 2020, is modified, on the law and in the exercise of discretion, by deleting the provision thereof, in effect, upon reargument, adhering to the determination in the order dated October 26, 2020, granting the plaintiff's motion pursuant to CPLR 3126 to preclude the defendant from testifying at trial, and substituting therefor a provision, upon reargument, vacating that determination in the order dated October 26, 2020, and, thereupon, granting the plaintiff's motion pursuant to CPLR 3126 to preclude the defendant from testifying at trial only to the extent of precluding the defendant from offering evidence at trial that is responsive to the plaintiff's disclosure demand dated July 31, 2019, and that was not produced to the plaintiff on or before July 27, 2020; as so modified, the order dated December 14, 2020, is affirmed insofar [*2]as appealed from, and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell down a staircase located at the defendant's premises. On July 24, 2019, the plaintiff conducted an examination before trial (hereinafter EBT) of the defendant's principal, Isaac Azoulay. On July 31, 2019, the plaintiff served a post-EBT demand for discovery pursuant to CPLR 3120. The defendant failed to respond or object to the discovery request.
After twice sending the defendant notices requesting the outstanding discovery, on February 25, 2020, the plaintiff moved pursuant to CPLR 3124 to compel the defendant to provide all of the discovery demanded in the post-EBT demand by a date certain, and included in its notice of motion a general prayer for relief. In opposition to the motion, the defendant's counsel contended that the disclosure sought was not material and necessary for the plaintiff to prove her claim. In an order dated June 25, 2020, the Supreme Court "overruled" the defendant's objections to the plaintiff's disclosure requests, ordered that the defendant "shall provide the discovery demanded in [the demand dated July 31, 2019,] on or before July 27, 2020," and further ordered that, "[i]f defendant fails to do so, absent good cause, defendant is precluded from testifying at trial."
Thereafter, on September 24, 2020, the plaintiff moved pursuant to CPLR 3126 to preclude the defendant from testifying at trial for its failure to comply with the Supreme Court's order dated June 25, 2020. The plaintiff's counsel affirmed that the plaintiff had not received any response from the defendant as directed by the court's order dated June 25, 2020, and that no response from the defendant had been filed on the New York State Courts Electronic Filing system.
The defendant opposed the motion. The defendant's counsel affirmed that the defendant had timely and fully complied with the order dated June 25, 2020, by sending a response to the plaintiff's demands in an email on July 27, 2020, the deadline specified in the order. Annexed to the defendant's counsel's affirmation was a copy of the defendant's disclosure response, which included some of the requested disclosure, as well as an affidavit from Azoulay stating that he had searched the defendant's records and had not located any documents responsive to the other demands, an affidavit of service of the disclosure response, a cover email addressed to the plaintiff's counsel, and copies of prior email correspondence between counsel, intended to demonstrate the accuracy of the email address to which the disclosure response had been sent.
The plaintiff submitted a reply in further support of the motion, in which the plaintiff's counsel affirmed, inter alia, that he had "no record of receiving" the defendant's counsel's email of July 27, 2020, but that, in any event, the defendant's response "utterly failed to comply" with the June 25, 2020 order, because the order directed the defendant not merely to respond to the demand, but also to provide all of the discovery demanded, which the defendant had failed to do.
By order dated October 26, 2020, the Supreme Court granted the plaintiff's motion and precluded the defendant from testifying at trial.
Thereafter, the defendant moved for leave to renew and reargue its opposition to the plaintiff's motions which were to compel discovery and to preclude the defendant from testifying at trial, and upon renewal and/or reargument, to vacate the prior orders and direct that the defendant is not precluded from testifying at trial or, in the alternative, to modify the prior orders "as to how and to what extent Defendant is precluded from testifying at trial." The plaintiff opposed the motion for renewal and reargument. By order dated December 14, 2020, the Supreme Court, inter alia, in effect, upon reargument, adhered to its prior orders dated June 25, 2020, and October 26, 2020.
The defendant appeals from the order dated June 25, 2020, the order dated October 26, 2020, and the order dated December 14, 2020.
"As the Supreme Court reviewed the merits of the appellant's contentions on the branch of its motion which was for leave to reargue, the court, in effect, granted reargument and adhered to its original determination" (NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d 805, 806; see Nationstar Mtge., LLC v Sim, 197 AD3d 1178, 1179; Private Capital Group, LLC v Llobell, 189 AD3d 1483, 1484). Therefore, the portion of the order dated December 14, 2020, which was made, in effect, upon reargument, is appealable (see Nationstar Mtge., LLC v Sim, 197 AD3d at 1179; Private Capital Group, LLC v Llobell, 189 AD3d at 1484; see also Rivera v Glen Oaks Vil. Owners, Inc., 29 AD3d 560, 561).
Upon reargument, the Supreme Court properly adhered to its determination in the June 25, 2020 order to conditionally preclude the defendant from testifying at trial if the defendant failed, absent good cause, to provide the plaintiff with certain disclosure on or before July 27, 2020. Contrary to the defendant's contention, the court had the authority to issue a conditional preclusion order pursuant to CPLR 3126, despite the fact that the plaintiff's notice of motion included only a request to compel disclosure pursuant to CPLR 3124 and a general prayer for relief. A court may grant relief not specifically requested in the notice of motion, pursuant to a general prayer for relief contained in the notice of motion, if the relief is "is warranted by the facts plainly appearing on the papers on both sides," and "if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (Frankel v Stavsky, 40 AD3d 918, 918-919; see Tirado v Miller, 75 AD3d 153, 160; HCE Assoc. v 3000 Watermill Lane Realty Corp., 173 AD2d 774, 774-775). Moreover, "CPLR 3126 broadly empowers a trial court to craft a conditional order" of preclusion, and does not require a motion expressly requesting such relief (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 79; see CPLR 3126; S.R. Garden City, LLC v Magnacare, LLC, 114 AD3d 925, 926; see also Ahmed v Ahmed, 175 AD3d 1364, 1364-1365). Contrary to the defendant's contention, the court properly included conditional preclusion language in its order without making a finding of wilfulness (see Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d 929, 931).
However, upon reargument of the defendant's opposition to the plaintiff's motion pursuant to CPLR 3126, the Supreme Court should not have precluded the defendant from testifying at trial. "A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d at 931 [internal quotation marks omitted]; see Torres v Dayton Hudson Corp., 171 AD3d 827, 828). "If the party fails to produce the discovery by the specified date, the conditional order becomes absolute" (McIntosh v New York City Partnership Dev. Fund Co., Inc., 165 AD3d 1251, 1252 [internal quotation marks omitted]). Here, contrary to the court's determination, the record demonstrates that the defendant complied with the conditional order of preclusion by demonstrating that it either provided the plaintiff with the disclosure requested in the plaintiff's demand, or that the documents requested in the demand did not exist or were not in the defendant's possession (see CPLR 3120[1][i]; McGroarty v Long Is. Coll. Hosp., 37 AD3d 431, 431; Bivona v Trump Mar. Casino Hotel Resort, 11 AD3d 574, 574-575; see also Euro-Central Corp. v Dalsimer, Inc., 22 AD3d 793, 794). "[A] party may not be compelled to produce or sanctioned for failing to produce information which he [or she] does not possess" (Sagiv v Gamache, 26 AD3d 368, 369; see Smith v County of Nassau, 138 AD3d 726, 728; Euro-Central Corp. v Dalsimer, Inc., 22 AD3d at 794; Bivona v Trump Mar. Casino Hotel Resort, 11 AD3d 574).
Since the plaintiff failed to show that the defendant violated the conditional order of preclusion or otherwise willfully and contumaciously failed to comply with discovery, the drastic sanction of precluding the defendant from testifying at trial was unwarranted (see Pierre v 100 Corp., 97 AD3d 804, 805). The appropriate remedy in such circumstances is to preclude the defendant from later offering evidence regarding items that were requested but not produced (see Cap Rents Supply, LLC v Durante, 167 AD3d 700, 702-703; Bivona v Trump Mar. Casino Hotel Resort, 11 AD3d at 574-575; Corriel v Volkswagen of Am., 127 AD2d 729, 731). Therefore, upon reargument, the Supreme Court should have granted the plaintiff's motion solely to the extent of precluding the defendant from offering evidence at trial regarding items that were requested but not produced.
The Supreme Court properly denied that branch of the defendant's motion which was [*3]for leave to renew its opposition to the plaintiff's motions to compel discovery and to preclude the defendant from testifying at trial. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see Wells Fargo Bank, N.A. v Mone, 185 AD3d 626, 629). Here, the defendant failed to demonstrate that the purported new evidence provided a basis to change the court's determination and otherwise failed to offer any excuse, let alone a reasonable justification, for failing to submit the evidence on the prior motions (see CPLR 2221[e][3]).
The parties' remaining contentions are without merit.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court