U.S. Bank N.A. v Tenenbaum (2024 NY Slip Op 03068)

U.S. Bank N.A. v Tenenbaum

2024 NY Slip Op 03068

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-00181
 (Index No. 34412/17)

[*1]U.S. Bank National Association, etc., appellant,
v
Isaac Tenenbaum, respondent, et al., defendants.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck and Oran Schwager of counsel), for appellant.
Joseph J. Haspel, PLLC, Middletown, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated September 1, 2020. The order, insofar as appealed from, (1) in effect, upon reargument, adhered to a prior determination in an order of the same court dated January 10, 2020, denying the plaintiff's motion to settle a judgment of foreclosure and sale, (2) in effect, denied that branch of the plaintiff's motion which was, in effect, to vacate so much of the order dated January 10, 2020, as, sua sponte, tolled interest nunc pro tunc as of January 1, 2019, and, (3) sua sponte, vacated so much of an order of the same court (Thomas E. Walsh II, J.) dated June 7, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference, and an order of the same court (Thomas E. Walsh II, J.) dated October 17, 2018, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated September 1, 2020, as, sua sponte, vacated so much of the order dated June 7, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference, and the order dated October 17, 2018, is deemed to be an application for leave to appeal from that portion of the order dated September 1, 2020, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated September 1, 2020, is modified, on the law, (1) by deleting the provision thereof, in effect, denying that branch of the plaintiff's motion which was, in effect, to vacate so much of the order dated January 10, 2020, as, sua sponte, tolled interest nunc pro tunc as of January 1, 2019, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof, sua sponte, vacating so much of the order dated June 7, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference, and the order dated October 17, 2018; as so modified, the order dated September 1, 2020, is affirmed insofar as appealed from, and so much of the order dated June 7, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference, and the order dated October 17, 2018, are reinstated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendant Isaac Tenenbaum (hereinafter the defendant), among others, to foreclose a mortgage on certain property located in Monsey. The defendant interposed an answer asserting various affirmative defenses, including that the plaintiff lacked standing. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference, contending, among other things, that it had established its standing to foreclose by attaching a copy of the note to the complaint. The defendant opposed the motion, contending, inter alia, that the plaintiff lacked standing. In an order dated June 7, 2018, the Supreme Court, inter alia, granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. In an order dated October 17, 2018, the Supreme Court granted the plaintiff's motion. The defendant, among others, appealed from this order, which is the subject of a related appeal (see U.S. Bank N.A. v Tenenbaum, _____ AD3d _____ [Appellate Division Docket No. 2018-13862; decided herewith]).
In November 2019, the plaintiff moved to settle a judgment of foreclosure and sale. In an order dated January 10, 2020, the Supreme Court denied the plaintiff's unopposed motion and, sua sponte, tolled interest nunc pro tunc as of January 1, 2019. The court determined, among other things, that it could not confirm that the plaintiff possessed standing, which the court determined was nonwaivable under RPAPL 1302-a, and directed that counsel for the plaintiff appear at a conference to show cause why the October 17, 2018 order should not be vacated. The plaintiff's counsel appeared at the court-ordered conference on January 28, 2020. In an order dated January 31, 2020, the court directed the plaintiff to move to vacate the January 10, 2020 order and to resettle the October 17, 2018 order.
Instead, in February 2020, the plaintiff moved for leave to reargue its motion to settle a judgment of foreclosure and sale, and, in effect, to vacate so much of the January 10, 2020 order as, sua sponte, tolled interest nunc pro tunc as of January 1, 2019. In an order dated September 1, 2020, the Supreme Court, inter alia, in effect, upon reargument, adhered to its prior determination in the order dated January 10, 2020, denying the plaintiff's motion to settle a judgment of foreclosure and sale and, in effect, denied that branch of the plaintiff's motion which was, in effect, to vacate so much of the January 10, 2020 order as, sua sponte, tolled interest nunc pro tunc. The court also, sua sponte, vacated the October 17, 2018 order and so much of the June 7, 2018 order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference. The plaintiff appeals.
"As the Supreme Court reviewed the merits of the plaintiff's contentions on the branch of its motion which was for leave to reargue, the court, in effect, granted reargument and adhered to its original determination" (Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178, 1179 [alterations and internal quotation marks omitted]; see Private Capital Group, LLC v Llobell, 189 AD3d 1483, 1484; NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d 805, 806). Therefore, the portion of the order dated September 1, 2020, which was made, in effect, upon reargument is appealable (see Nationstar Mtge., LLC v Jong Sim, 197 AD3d at 1179; Private Capital Group, LLC v Llobell, 189 AD3d at 1484; Rivera v Glen Oaks Vil. Owners, Inc., 29 AD3d 560, 561).
Contrary to the Supreme Court's determination, RPAPL 1302-a did not require it to confirm that the plaintiff possessed standing in order to grant the plaintiff's motion to settle a judgment of foreclosure and sale. RPAPL 1302-a provides that a standing defense in a foreclosure proceeding related to a home loan is not waived if a defendant fails to raise the defense in a responsive pleading or pre-answer motion to dismiss (see Deutsche Bank Natl. Trust Co. v Freedman, 201 AD3d 1234, 1236; GMAC Mtge., LLC v Coombs, 191 AD3d 37, 46). However, "RPAPL 1302-a does not disturb the well-settled case law holding that a party's lack of standing does not constitute a jurisdictional defect" (GMAC Mtge., LLC v Coombs, 191 AD3d at 47 [internal quotation marks omitted]). Where, as here, the issue of standing had already been raised and determined, there is no issue of waiver and RPAPL 1302-a does not apply (see Deutsche Bank Natl. [*2]Trust Co. v Freedman, 201 AD3d at 1236).
Further, the Supreme Court should not have reconsidered the sufficiency of the plaintiff's evidence submitted in support of its motion, inter alia, for summary judgment on the complaint in deciding the plaintiff's motion to settle a judgment of foreclosure and sale. "The doctrine of the law of the case is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (Martin v City of Cohoes, 37 NY2d 162, 165 [internal quotation marks omitted]; see Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933, 935-936). "Such a rule is essential to an orderly and seemly administration of justice in a court composed of several judges" (George W. Collins, Inc. v Olsker-McLain Indus., 22 AD2d 485, 489 [internal quotation marks omitted]; see Carbon Capital Mgt., LLC v American Express Co., 88 AD3d at 936). "[A] grant of summary judgment establishes the law of the case as to the issues essential to that determination" (Dukett v Wilson, 31 AD3d 865, 868 [internal quotation marks omitted]). Here, the June 7, 2018 order granting the plaintiff's motion, among other things, for summary judgment on the complaint and for an order of reference was law of the case, and in the January 10, 2020 order, the court should not have, sua sponte, in effect, reconsidered this previously determined motion (see Carbon Capital Mgt., LLC v American Express Co., 88 AD3d at 936).
For similar reasons, the Supreme Court should not have, sua sponte, vacated the October 17, 2018 order and so much of the June 7, 2018 order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference (see id.; see also United Airconditioning Corp. v Axis Piping, Inc., 194 AD3d 981, 985). Moreover, at the time that the court vacated the October 17, 2018 order, an appeal from that order was pending (see U.S. Bank N.A. v Tenenbaum, _____ AD3d _____ [Appellate Division Docket No. 2018-13862; decided herewith). An issuing court may not vacate, sua sponte, a prior order from which an appeal has been taken (see Brown-Wilks v Vornado Realty Trust, 183 AD3d 796, 797; Matter of Zachary EE. [Misty DD.], 71 AD3d 1239, 1240; Matter of Rospigliosi v Abbate, 31 AD3d 648, 650). "If it were able to do so, the issuing court would, in effect, be insulating its subsequent order from appellate review as of right" (Matter of Rospigliosi v Abbate, 31 AD3d at 650).
Accordingly, we reinstate so much of the order dated June 7, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference, and the order dated October 17, 2018. Nevertheless, in light of our determination on the related appeal (see U.S. Bank N.A. v Tenenbaum _____ AD3d _____ [Appellate Division Docket No. 2018-13862; decided herewith), we affirm so much of the order dated September 1, 2020, as, in effect, upon reargument, adhered to the prior determination denying the plaintiff's motion to settle a judgment of foreclosure and sale.
Finally, the Supreme Court should not have, in effect, denied that branch of the plaintiff's motion which was, in effect, to vacate so much of the January 10, 2020 order as, sua sponte, tolled interest nunc pro tunc as of January 1, 2019. "A foreclosure action is equitable in nature and triggers the equitable powers of the court" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394 [citation and internal quotation marks omitted]). "In actions of an equitable nature, including foreclosure actions, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (Wells Fargo Bank, N.A. v Chun Fei Lee, 208 AD3d 1384, 1386 [citation and internal quotation marks omitted]). Although a court "may impose a sanction sua sponte, . . . the party to be sanctioned must be afforded a reasonable opportunity to be heard" (Matter of Griffin v Panzarin, 305 AD2d 601, 603; see Bank of N.Y. v Castillo, 120 AD3d 598, 600). The record does not indicate that the plaintiff was afforded such opportunity before the court, sua sponte, tolled interest in the January 10, 2020 order. Moreover, in the September 1, 2020 order, the court, in effect, accepted the plaintiff's explanation for its delay in moving to settle a judgment of foreclosure and sale.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court