Huseinovic v Lee Wilson Mgt., LLC (2024 NY Slip Op 04200)

Huseinovic v Lee Wilson Mgt., LLC

2024 NY Slip Op 04200

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-00664
2022-02762
 (Index No. 506707/19)

[*1]Ramo Huseinovic, appellant, 
v
Lee Wilson Management, LLC, respondent, et al., defendants.

William Pager, Brooklyn, NY, for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 21, 2022, and (2) an order of the same court dated March 31, 2022. The order dated January 21, 2022, insofar as appealed from, granted that branch of the motion of the defendant Lee Wilson Management, LLC, which was pursuant to CPLR 3126(2) to impose discovery sanctions against the plaintiff to the extent of precluding the plaintiff from using certain photographs as evidence at trial or in a dispositive motion. The order dated March 31, 2022, insofar as appealed from, in effect, upon reargument, adhered to that prior determination in the order dated January 21, 2022.
ORDERED that the appeal from the order dated January 21, 2022, is dismissed, as that order was superseded by the order dated March 31, 2022, made, in effect, upon reargument; and it is further,
ORDERED that the order dated March 31, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Lee Wilson Management, LLC.
In March 2019, the plaintiff commenced this action against, among others, the defendant Lee Wilson Management, LLC (hereinafter the defendant), to recover damages for personal injuries he alleged he sustained in August 2018, when he slipped and fell while he was working at a restaurant located at premises owned by the defendant. In May 2019, the defendant served several discovery demands, including a request for photographs of the alleged accident scene. In his response, the plaintiff denied possessing any photographs depicting the area of the alleged accident. Thereafter, at his deposition, the plaintiff testified that he took photographs of the accident scene approximately two months after the incident, that he provided his counsel with copies, and that he lost the cell phone that he used to take the photographs. On two subsequent occasions, the defendant requested that the plaintiff produce the photographs about which he had testified. In June 2021, the plaintiff produced certain photographs that were taken at some unspecified time after the [*2]incident. In July 2021, the defendant served a notice of discovery and inspection, requesting that the plaintiff, inter alia, produce "all metadata and JPEG data" for the photographs that had been produced (hereinafter the July 2021 discovery demand). In an order dated October 20, 2021, the Supreme Court, inter alia, directed the plaintiff to produce a response to the defendant's July 2021 discovery demand within seven days. Approximately one month later, on November 18, 2021, the plaintiff responded to the defendant's July 2021 discovery demand, inter alia, objecting to the demand for "JPEG copies of the photographs with metadata" on the ground that he was not in possession of the cell phone that had the original photographs and that the original photographs were no longer available.
In December 2021, the defendant moved, inter alia, pursuant to CPLR 3126(2) to impose discovery sanctions against the plaintiff. The plaintiff opposed. In an order dated January 21, 2022 (hereinafter the January 2022 order), the Supreme Court, inter alia, granted that branch of the defendant's motion to the extent of precluding the plaintiff from using the photographs at issue as evidence at trial or in a dispositive motion. Thereafter, the plaintiff made a motion denominated as one for leave to renew and/or reargue his opposition to that branch of the defendant's motion which was pursuant to CPLR 3126(2). The defendant opposed. In an order dated March 31, 2022, the court treated the motion as one for leave to reargue, in effect, granted reargument, and upon reargument, adhered to its prior determination in the January 2022 order. The plaintiff appeals from both orders.
Contrary to the defendant's contention, the order dated March 31, 2022, which was made, in effect, upon reargument, is appealable (see Robert v Azoulay Realty Corp., 209 AD3d 781, 784; Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178, 1179). The plaintiff's motion, although denominated as one for leave to reargue and/or renew was, in actuality, a motion for leave to reargue, as it was not based upon "new facts" and did not offer a reasonable justification for the plaintiff's failure to present such facts in opposition the defendant's motion (see Lancer Ins. Co. v Cortes, 208 AD3d 1176, 1179). Since the Supreme Court reviewed the merits of the plaintiff's contentions, it, in effect, granted reargument but adhered to its prior determination in the January 2022 order (see Robert v Azoulay Realty Corp., 209 AD3d at 784; Nationstar Mtge., LLC v Jong Sim, 197 AD3d at 1179). We affirm.
A court may issue an order "prohibiting [a] disobedient party . . . from producing in evidence . . . designated things" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126[2]). "Before a court invokes the drastic remedy of precluding evidence based on the failure to provide court-ordered discovery, there must be a clear showing that the failure was willful and contumacious" (Llanos v Casale Constr. Serv., Inc., 188 AD3d 864, 865). The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders and the absence of a reasonable excuse for these failures (see id.; Smookler v Dicerbo, 166 AD3d 838, 839).
The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (see Smookler v Dicerbo, 166 AD3d at 839). "Generally, the penalties authorized by CPLR 3126 are designed to prevent a party who has refused to disclose evidence from affirmatively exploiting or benefitting from the unavailability of the proof during the pending civil action" (DiDomenico v C & S Aeromatik Supplies, 252 AD2d 41, 49 [internal quotation marks omitted]; see Rizzuti v Laucella, 57 AD3d 755, 757).
Here, the plaintiff's willful and contumacious conduct can be inferred from his failure to timely exchange the photographs that were eventually produced months after the requests for them were made. Despite his contention that he lost his cell phone that he used to take the photographs, the plaintiff also failed to demonstrate that it was impossible to make the particular requested disclosure of metadata and related information nor did he provide a reasonable excuse for those failures. Notably, the plaintiff offered no details regarding the purported loss of his cell phone, although he was the only party with knowledge of such information, or any evidence as to when he gave the photographs to his attorneys or where the photographs that were eventually produced were [*3]located and in what format (see Mahgoub v 880 Realty, LLC, 150 AD3d 1216, 1219).
Accordingly, the Supreme Court, in effect, upon reargument, properly adhered to the prior determination granting that branch of the defendant's motion which was pursuant to CPLR 3126(2) to impose discovery sanctions against the plaintiff to the extent of precluding the plaintiff from using the photographs at issue as evidence at trial or in a dispositive motion (see Rizzuti v Laucella, 57 AD3d at 757).
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court