JPMorgan Chase Bank, N.A. v Valencia (2026 NY Slip Op 00361)

JPMorgan Chase Bank, N.A. v Valencia

2026 NY Slip Op 00361

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-10759
 (Index No. 712761/20)

[*1]JPMorgan Chase Bank, National Association, etc., respondent, 
vRichard Valencia, appellant, et al., defendants.

Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Scott W. Parker of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Richard Valencia appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Robert I. Caloras, J.), dated September 12, 2024. The order and judgment of foreclosure and sale, upon an order of the same court dated May 18, 2023, denying that defendant's motion for leave to renew his prior motion for summary judgment dismissing the complaint insofar as asserted against him, which had been denied in an order of the same court dated February 8, 2022, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In 2010, the plaintiff commenced this action against the defendant Richard Valencia (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Queens. In an order dated February 8, 2022, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference and denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him, in which the defendant had argued, among other things, that the plaintiff failed to comply with RPAPL 1304.
The defendant subsequently moved for leave to renew his prior motion for summary judgment dismissing the complaint insofar as asserted against him based on a purported change in the law. By order dated May 18, 2023, the Supreme Court denied the defendant's motion. The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated September 12, 2024, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change [*2]in the law that would change the prior determination" (CPLR 2221[e][2]). "A clarification of the decisional law is a sufficient change in the law to support renewal" (U.S. Bank N.A. v Hall-Davis, 232 AD3d 696, 697 [internal quotation marks omitted]). Here, however, the defendant failed to demonstrate such a change in the law. Instead, the defendant merely pointed to case law in which this Court applied established law (see Wells Fargo Bank, N.A. v Rodriguez, 210 AD3d 728, 731; Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178). Indeed, the defendant had cited to Nationstar Mtge., LLC v Jong Sim (197 AD3d 1178) in opposition to the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against him. Accordingly, the defendant's motion for leave to renew was properly denied (see U.S. Bank N.A. v Hall-Davis, 232 AD3d at 697).
"The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d 948, 950; see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236-1237). Nevertheless, the report of a referee should generally be confirmed whenever the findings are "substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility" (Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d at 950; see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030). Here, contrary to the defendant's contention, the referee's computations were substantially supported by the record, in particular, an affidavit of amount due submitted by an employee of the plaintiff's loan servicer, to which the business records the employee relied upon were attached (cf. Pennymac Corp. v Pryce, 211 AD3d at 1030). Thus, the Supreme Court properly confirmed the referee's report (see Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d at 950-951; see also HSBC Bank USA, N.A. v Nelson, 194 AD3d 700, 701).
Likewise, the Supreme Court providently exercised its discretion in declining to reduce the accrual of interest on the mortgage loan. In an action of an equitable nature, the recovery of interest is within the court's discretion, and the exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party (see Wells Fargo Bank, N.A. v O'Brien, 234 AD3d 730, 731; Board of Mgrs. of the Poseidon Condominium v Costantino Prop. Mgt., LLC, 224 AD3d 650, 651-652). Here, contrary to the defendant's contention, he failed to demonstrate that the plaintiff was responsible for unexplained delays or other wrongful conduct and, therefore, that he was entitled to a reduction of the accrual of interest on the mortgage loan (see Wells Fargo Bank, N.A. v O'Brien, 234 AD3d at 731; Board of Mgrs. of the Poseidon Condominium v Costantino Prop. Mgt., LLC, 224 AD3d at 652).
Accordingly, we affirm the order and judgment of foreclosure and sale.
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court